**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Jason A. Severson

**\*\*PRE-CONFIRMATION MODIFICATION\*\***
**CHAPTER 13 PLAN**
Dated:   01-13-15
Case No.  14-34352-KAC

Debtor(s)

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee  $_____.
b. After the date of this plan, the debtor will pay the trustee  $ 300.00   per month for  60  months beginning within 30 days after the order for relief for a total of  $ 18,000.00.
The minimum plan length is  ☐ 36 or  ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee _____
d. The debtor will pay the trustee a total of    $ 18,000.00

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or $  1,800.00 .

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. | $ | | $ |
| b. | $ | | $ |
| c. TOTAL | | | $ 0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** –  Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. Bayview Loan Servicing | Homestead - 1st Mortgage |
| b. | |
| c. | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following  entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | $ | $ | | | $ |
| b. | $ | $ | | | $ |
| c. | $ | $ | | | $ |
| d. TOTAL | | | | | $ 0.00 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.  *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | **Int. rate**(if applicable) | Monthly  Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | $ | | $ | | | $ |
| b. | $ | | $ | | | $ |
| c. | $ | | $ | | | $ |
| d. **TOTAL** | | | | | | $ 0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured

claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under non bankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. + *(Adequate Protection from ¶ 3)*

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | ( Monthly Payment) | X ( Number of Payments) | =Payments on Account of Claim | =**TOTAL PAYMENTS** |
|---|---|---|---|---|---|---|---|---|
| a | $ | $ | | | $ | | $ | $ |
| b | $ | $ | | | $ | | $ | $ |
| c | $ | $ | | | $ | | $ | $ |
| d. TOTAL | | | | | | | | $ 0.00 |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2,700.00 | $ 270.00 | 1 | 10 | $ 2,700.00 |
| b. Domestic Support | $ 7,517.00 | $ 270.00 | 11 | 28 | $ 7,517.00 |
| c. IRS | $ | $ | | | $ |
| d. MN Dept. of Rev. | $ | $ | | | $ |
| e. | $ | $ | | | $ |
| f. TOTAL | | | | | $ 10,217.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates***.

| Creditor | Interest Rate(if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a | | | | | | $ |
| b. | | | | | | $ |
| c. TOTAL | | | | | | $ 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of
Approximately $ 5,983.00   [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are   $ _____ .
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are   $ 87,084.00 .
c. Total estimated unsecured claims are   $ 87,084.00   [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** —  The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**Annually, the debtor shall provide the trustee with copies of his federal and state tax returns and shall pay any refund over $1,200.00 to the trustee as an additional plan payment. The debtor shall notify the trustee of any bons he may receive and agrees not to spend any portion of the bonus until the trustee determines what portion should be paid into the plan as an additional plan payment.
\*\*\*SEE ATTACHED ADDENDUM\*\*\***

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . . . . . . .  $ 1,800.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 0.00
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ........... . . . ............. ... . .  $ 0.00
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....... . . . .  $ 0.00
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...... . . . . . . .  $ 10,217.00
Separate Classes [Line 10(c)] . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 0.00
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....... . . . .  $ 5,983.00
**TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . .**  $ 18,000.00

| | | |
|---|---|---|
| **Everhart Law Office LTD** | Signed   /s/ Jason A. Severson | |
| **Robert J. Everhart   #180671** | DEBTOR | |
| **PO Box 120534** | | |
| **New Brighton, MN   55112** | Signed _____ | |
| **651-636-9212** | DEBTOR  (If joint case) | |

**United States Bankruptcy Court**
**District of Minnesota**

**In re:**                                                            BKY Case No. 14-34352-KAC
    **Jason A. Severson**                           Date: 01-13-15



    **Debtor**

    **Attached Addendum to Chapter 13 Plan – 13. Other Provisions**


The fair market value of the debtor's principal residence located at 13688 30th Street Circle North, Stillwater, MN 55082 and legally described as 'LOT 7, BLOCK 1, COBBLESTONE ACRES, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF REGISTER OF DEEDS, WASHINGTON COUNTY, MINNESOTA.' is $270,000.00 as established by an appraisal obtained by the debtor.  This value or any other value less than the balance of the debt secured by the first mortgage of $280,967.00 leaves no equity to secure the claim of United Guaranty Residential Insurance Company of North Carolina.  If the Bankruptcy Court so determines upon a motion filed pursuant to 11 U.S.C § 506, Fed.R.Bankr.P. 3012 and Local Rule 3012-1 that the claim of United Guaranty Residential Insurance Company of North Carolina is wholly unsecured, then its allowed claim, if any, will be paid as an unsecured, non priority claim in the standing trustee's administration under this plan.  Further, if United Guaranty Residential Insurance Company of North Carolina or its assignee fails to consensually release the lien of its mortgage recorded November 7, 2005 as document number 3549520 in Washington County, Minnesota within 20 days after the trustee's final report to the court showing completion of the plan, debtors may seek a court order and judgment to release the mortgage lien pursuant to Local Rule 3012-1.

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF MINNESOTA
          _____
```

In re:                                        Case No.14-34352-KAC

    Jason A. Severson

Debtor
_____

**NOTICE OF HEARING AND MOTION
FOR PRE-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN**
_____

To:  Gregory A. Burrell, Standing Chapter 13 Trustee; the U.S. Trustee; and other parties specified by 11 USC 1323, Fed. R. Bankr. 3019(a),and Local Rule 3015-2(a).

**PLEASE TAKE NOTICE** that the above debtor has modified the Chapter 13 Plan filed **October 30, 2014.** A copy of the Pre-Confirmation Modified Plan dated **January 13, 2015,** is attached hereto. The hearing on confirmation for the Modified Plan shall occur on **February 12, 2015** at **10:30 A.M.** in United States Bankruptcy Court, U.S. Courthouse, Courtroom 2C, Second Floor, 316 North Robert Street, St. Paul, MN.

                                      Respectfully submitted,

Date: 01-13-15              /s/ Robert J. Everhart
                                    Robert J. Everhart #180671
                                    Attorney at Law
                                    P.O Box 120534
                                    New Brighton, MN  55112
                                    Phone: 651-636-9212

In Re:                                          U.S. Bankruptcy Court
                                                District of Minnesota

   **Jason A. Severson**


                                                Unsworn Declaration
Debtor:                                         For Proof of Service


Robert J. Everhart attorney licensed to practice law in this court, with office address of P.O. Box 120534, New Brighton, Minnesota 55112, declares that I served the annexed:

**Pre-Confirmation Modified Chapter 13 Plan**
**Notice of Hearing and Motion for Pre-Confirmation Modification**


upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at New Brighton, Minnesota addressed to each of them as follows:
_____


| | |
|---|---|
| Office of the U.S. Trustee<br>(Electronic Notice) | Gregory A. Burrell<br>Chapter 13 Trustee<br>(Electronic Notice) |
| Donna DeMaio, President<br>United Guaranty Residential Insurance Co.<br>Of North Carolina<br>220 North Elm Street | Jason A. Severson<br>13688 30th Street Circle North<br>Stillwater, MN 55082 |
| Steve Stewart, President<br>Main Street Acquisition Corp.<br>c/o Registered Agents Legal Services, Ltd.<br>Registered Agent<br>112 N. Curry Street<br>Carson City, NV 89703 | David Ertel, Manager/Managing Agent<br>Bayview Loan Servicing, LLC<br>c/o Corporation Services Company<br>Registered Agent<br>380 Jackson Street, Ste 700<br>St. Paul, MN 55101 |
| Michael Corbat, CEO<br>Citibank South Dakota NA<br>PO Box 6500<br>Sioux Falls, SD 57117 | Richard D. Fairbanks, CEO<br>Capital One Bank<br>1680 Capital One Drive<br>McLean, VA 22102 |
| David W. Nelms, CEO<br>Discover Bank<br>100 West Market<br>PO Box C | Dianne Wright<br>Wright Family Law and Mediation<br>342 Fifth Avenue North<br>Bayport, MN 55003 |

| | |
|---|---|
| Greenwood, DE 19950 | Discover Bank |
| | DC Servicing Corporation |
| Capital One Bank USA NA | PO Box 3025 |
| PO Box 71083 | New Albany, OH 43054 |
| Charlotte, NC 28272 | |

_____

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: 01-23-15                           Signed: /s/ Robert J. Everhart

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:     Jason A. Severson

Debtor(s)

SIGNATURE DECLARATION
Re: *Electronic Filing*
Case No. 14-34352-KAC

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 13 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
- ☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☒ MODIFIED CHAPTER 13 PLAN
- ☒ OTHER Notice of Hearing

I (We), the undersigned debtor(s) or authorized representative of the debtor, **make the following declarations under penalty of perjury:**

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and /or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number:

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date:   01-13-15

X *[signed]*
Debtor: Jason A. Severson

X _____
Joint Debtor:

X *[signed]*
Signature of Attorney for Debtor(s)
Robert J. Everhart #180671
Everhart Law Office, Ltd.
P.O. Box 120534
New Brighton, MN 55112
Phone: 651-636-9212

X _____
Signature of Debtor or Authorized Individual

X _____
Printed name of Debtor or Authorized Individual